UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICOLE LYNN QUIROZ,

                           Plaintiff,                         23-CV-6065-FPG

v.

                                                      DECISION AND ORDER

ELMIRA PSYCHIATRIC CENTER/HOSPITAL,

                         Defendant.

## INTRODUCTION

*Pro se* Plaintiff Nicole Lynn Quiroz brings this civil rights action under 42 U.S.C. § 1983 against Defendant "Elmira Psychiatric Center/Hospital." ECF No. 2. On February 10, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and informed Plaintiff that the Court intended to dismiss her complaint with prejudice as time-barred. ECF No. 8 at 1. The Court gave Plaintiff the opportunity to submit a supplemental memorandum concerning the timeliness of her complaint. *Id.* Plaintiff submitted a supplemental memorandum on March 7, 2023. ECF No. 11.

The Court has screened Plaintiff's complaint in conjunction with her supplemental memorandum under the criteria set forth in 28 U.S.C. § 1915(e). For the reasons that follow, the Court *sua sponte* dismisses Plaintiff's complaint with prejudice as time-barred.

## LEGAL STANDARD

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to § 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted). "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks omitted). The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

The following facts are taken from Plaintiff's complaint, declaration, and supplemental memorandum. ECF Nos. 2, 3, 11. Plaintiff was born in March 1979. *See* ECF No. 3 at 14. In January 1992, when she was twelve years old, Plaintiff was admitted to Elmira Psychiatric Center for mental health treatment. *Id.* at 4. Plaintiff alleges that, during her stay, she disclosed to her treatment providers that she had been sexually abused by her stepfather. *See* ECF No. 2 at 5. In March 1992, Defendant discharged Plaintiff into the stepfather's custody, notwithstanding her reports of abuse. *See id.* Plaintiff alleges that, at some point "[a]fter returning home," her stepfather "raped [her] at knife point and then tried to kill [her]." *Id.* Plaintiff subsequently returned for further treatment at Elmira Psychiatric Center from November 1992 to March 1993. *See id.*; ECF No. 3 at 14. During her second admission, she disclosed that her stepfather had verbally, physically, and sexually abused her. ECF No. 3 at 14-16.

In her complaint, Plaintiff alleges that Defendant "showed gross neglegance [sic] and depraved indifference" when it discharged her into her stepfather's custody. ECF No. 2 at 5. She asserts that, by doing so, Defendant violated her constitutional right to "freedom from cruel and unusual punishments." *Id.* at 2. The Court construes Plaintiff's claim as one arising under 42 U.S.C. § 1983.

**DISCUSSION**

Because Plaintiff's claim accrued over thirty years ago—between March and November 1992—and no tolling doctrine applies, Plaintiff's claim is time-barred, which merits dismissal of the complaint.

### A.  Statute of Limitations for § 1983 Actions

Because Congress did not provide a specific statute of limitations for § 1983 actions, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'"  *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  In New York, the statute of limitations for such actions is three years. N.Y. C.P.L.R. § 214(5).  Federal courts also borrow the state's tolling rules, unless applying those rules would defeat the goals of § 1983.  *Pearl*, 296 F.3d at 80.  Courts in this Circuit apply New York's statutory tolling provisions.  *See e.g.*, *id.* at 84; *F.L. v. Hilton Cent. Sch. Dist.*, No. 21-CV-6551, 2022 WL 1665160, at *3 (W.D.N.Y. May 25, 2022); *Caldwell v. City of New York*, No. 21-CV-6560, 2021 WL 3887678, at *3 (S.D.N.Y. Aug. 27, 2021); *Doe v. NYS Office of Child. & Fam. Servs.*, No. 20-CV-1195, 2021 WL 2826457, at *6 (N.D.N.Y July 7, 2021).

While state law supplies the statute of limitations, federal law determines when a § 1983 claim accrues.  *Pearl*, 296 F.3d at 80.  In general, this occurs when "the plaintiff knows or has reason to know of the injury which is the basis of [her] action."  *Id.*  "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 349 (S.D.N.Y. 2009) (quoting *Rotella v. Wood*, 528 U.S. 549, 555 (2000)).  Under the "continuing violation doctrine," however, a plaintiff may bring a claim that would otherwise be time-barred provided that an act contributing to the violation took place within the statutory time period.  *Purcell v. N.Y. Inst. of Tech. – Coll. Of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir.

2019).  That doctrine "may only be predicated on continuing unlawful [wrongs] and not on the continuing effects of earlier [wrong]ful conduct."  *Corsini v. City of New York*, No. 20-CV-5459, 2021 WL 5999631, at *8 (E.D.N.Y. Dec. 20, 2021) (alteration in original) (quoting *Margrabe v. Sexter & Warmflash, P.C.*, No. 07-CV-2798, 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2019)).

Here, Plaintiff alleges that Defendant wrongfully discharged her into her stepfather's custody on March 19, 1992 and that her stepfather subsequently "raped [her] at knife-point and then tried to kill [her]."  ECF No. 2 at 5.  Plaintiff appears to assert that the continuing violation doctrine applies because of continuing harms arising from the allegedly wrongful discharge.  *See* ECF No. 11 at 2.  Assuming that Plaintiff is referencing her mental-health symptoms, because such symptoms constitute the "continuing effects" of Defendant's earlier allegedly wrongful discharge, the continuing violation doctrine does not apply.  *See Corsini*, 2021 WL 599631, at *8. Accordingly, Plaintiff's claim accrued when she knew of her injury—the first discharge from Elmira Psychiatric Center and the subsequent sexual assault—between March and November 1992.  The three-year limitations period would therefore have expired between March and November 1995.  Because the limitations period expired nearly twenty-eight years before Plaintiff filed her complaint, absent tolling, Plaintiff's claim is time-barred.

**B.  Statutory Tolling Provisions**

The result does not change even accounting for N.Y. C.P.L.R. § 208(a), which provides a tolling period for those "under a disability because of infancy or insanity at the time the cause of action accrues."  Under the infancy tolling provision, "the three-year statute of limitations does not begin to run until the plaintiff turns eighteen."  *Doe*, 2021 WL 2826457, at *6 (N.D.N.Y July 7, 2021) ("It is well-settled that in evaluating a § 1983 claim stemming from conduct that occurred when the plaintiff was a minor, courts apply New York's infancy tolling provision.").  Because Plaintiff turned eighteen in March 1997, she was required to file her claim by March 2000, "three

years after [her] eighteenth birthday." *Pearl*, 296 F.3d at 84.  Her claim therefore remains time-barred even after applying New York's infancy tolling provision.[1]

Plaintiff's claim also remains time-barred if the insanity tolling provision applies.  Under N.Y. C.P.L.R. § 208(a):

> [i]f a person entitled to commence an action is under a disability because of . . . insanity at the time the cause of action accrues, . . . the time within which the action must be commenced shall be extended to three years after the disability ceases . . . The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues.

While the statute does not define "insanity," the New York Court of Appeals has held that this tolling provision is only available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy v. Volkswagen of America, Inc.*, 450 N.Y.S.2d 457, 460 (1982).  "Courts have noted that the statute 'speaks in terms of insanity, not merely mental illness,' and 'apathy, depression, posttraumatic neurosis, psychological trauma and *repression therefrom* or mental illness alone have been held to be insufficient to invoke the [insanity] toll." *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 99 (2d Cir. 2014) (emphasis added); *see also Smith v. Smith*, 830 F.2d 11, 12 (2d Cir. 1987) (statutory tolling for persons suffering from "insanity" does not apply to a person "claiming a mere post traumatic neurosis"); *Callahan v. Image Bank*, 184 F. Supp. 2d 362, 363-64 (S.D.N.Y. 2002) (inability to work, care for oneself, or leave home unescorted; severe side effects from medication; black-outs; and suicidal ideation insufficient to satisfy N.Y. C.P.L.R. § 208(a)).  But, even where a plaintiff can meet this strict standard, "the time within which the action must be commenced

---

[1] The Court notes that Plaintiff may not invoke New York's Child Victims Act ("CVA"), which "instituted a revival period for certain child abuse claims that may have previously been time-barred by the applicable [] statute of limitations," since the CVA does not apply to a claim under 42 U.S.C. § 1983. *F.L.*, 2022 WL 1665160, at *1, 3; *see also Doe*, 2021 WL 2826457, at *8 (holding that N.Y. C.P.L.R. § 208(b) is a statute of limitations provision, not a tolling provision, and therefore does not apply to a claim under 42 U.S.C. § 1983).

shall not be extended . . . beyond ten years after the cause of action accrues." N.Y. C.P.L.R. § 208(a).

Accepting all factual allegations as true and drawing all inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff's allegation of suppressed memories cannot establish that she was "under a disability because of insanity" within the meaning of N.Y. C.P.L.R. § 208(a) at the time the cause of action accrued. Plaintiff asserts that over the past eight years, she has begun to recover suppressed memories of abuse. ECF No. 2 at 5; ECF No. 11 at 1. Because of her suppressed memories, Plaintiff states that she "had no conscious knowledge of [Defendant's] actions until after receiving records and fully reading them in December of 2022." ECF No. 11 at 1. The Court does not doubt that Plaintiff has suffered from significant mental and physical impairments throughout her life. *See e.g.*, ECF No. 11-1 at 3-4 (discussing psychiatric history and physical symptoms associated with psychiatric distress). These impairments—including the suppression of memories—do not, however, rise to the level of "insanity" under N.Y. C.P.L.R. § 208(a). *See La Russo*, 747 F.3d at 99. Moreover, Plaintiff's pleadings establish that that she did not exhibit "an over-all inability to function in society," *McCarthy*, 450 N.Y.S.2d at 460, as she appears to have actively sought psychiatric care in 2017, ECF No. 11-1 at 1, married, ECF No. 11-1 at 3, and regained custody of her son when he was three or four years old, *id.*

But even if Plaintiff had established insanity within the meaning of N.Y. C.P.L.R. § 208(a), her claim would nevertheless be time-barred. Because her claim accrued, at the latest, in November 1992, the insanity tolling provision would have tolled the statute of limitations only until November 2002. Because she filed her complaint over twenty years later, Plaintiff's claim would be time-barred even if her suppressed memories and other mental impairments constituted "insanity" for the purposes of N.Y. C.P.L.R. § 208(a).

### C. Equitable Tolling

Although Plaintiff does not specifically raise the doctrine of equitable tolling, the Court considers it in light of her *pro se* status.  *See Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999) ("We read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest.").  Although New York's tolling rules apply to Plaintiff's claim, "[a]s the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists under federal law." *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 452-53 (W.D.N.Y. 2020) (quoting *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 235 (E.D.N.Y. 2015)).  Equitable tolling is a "rare remedy," *id.* at 453 (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)), that allows a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity,'" *Caldwell v. City of New York*, No. 21-CV-6560, 2021 WL 3887678, at *3 (S.D.N.Y. Aug. 27, 2021).  "To qualify for equitable tolling, a litigant must show that [she] diligently pursued [her] rights, but extraordinary circumstances prevented timely filing." *Ganley v. City of New York*, 734 F. App'x 784, 786 (2d Cir. 2008) (summary order) (citing *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).  While mental illness may sometimes justify equitable tolling, a party seeking equitable tolling on that basis must offer a "particularized description of how [her] condition adversely affected [her] capacity to function generally or in relationship to the pursuit of [her] rights."  *Id.* (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)).

In *Ganley*, the Second Circuit determined that a plaintiff who argued that "he suppressed the memory of the defendant's conduct" did not qualify for equitable tolling where his pleadings demonstrated that he "could function generally and pursue his rights." 734 F. App'x at 786.  While Plaintiff has asserted that her memories of the incident were suppressed and that she suffers from mental impairments including PTSD and somatic symptom disorder, she has not shown that her

conditions so adversely affected her capacity to function generally or to pursue her rights as to qualify for equitable tolling until she filed her complaint in January 2023.  Although she "retained little knowledge of her abuse," she actively pursued psychiatric treatment at least as early as 2017, *see generally* ECF No. 11-1, and began to recover the relevant memories beginning eight years ago, ECF No. 11 at 1 ("Plaintiff has recovered the memories over the course of the past eight years").  Accordingly, Plaintiff has not shown that her conditions would justify equitable tolling until January 2023.  *See Ganley*, 734 F. App'x at 786.

Because neither New York's statutory tolling provisions nor equitable tolling apply to Plaintiff's claim, her complaint is time-barred.  "A complaint that is time-barred fails to state a claim on which relief may be granted, and a district court may *sua sponte* dismiss a complaint as time-barred where the facts supporting the statute of limitations defense are set forth in the papers plaintiff [herself] submitted," *Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020) (summary order) (internal quotation marks omitted), so long as the plaintiff is first given "notice and an opportunity to be heard,"  *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).  The Court provided both notice and opportunity to be heard by informing Plaintiff that it intended to dismiss her complaint as time-barred and allowing her to submit a supplemental memorandum concerning the timeliness of her complaint. *See* ECF No. 8 at 1.  Because the facts set forth in Plaintiff's pleadings, including her supplemental memorandum, establish that her claim is time-barred, her complaint fails to state a claim on which relief may be granted, and the Court *sua sponte* dismisses the complaint with prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint, ECF No. 2, is DISMISSED WITH

PREJUDICE.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: April 4, 2023
　　　　Rochester, New York

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York